McGuane, J.
This matter is here before the Appellate Division on the appellant’s claim that the dismissal of its Draft Report was error on the part of the trial justice.
In order to savor and understand the issues presented the following Draft Report is included as follows:
DRAFT REPORT
“This is a small claims action of tort in which recovery is sought for property damage arising from an automobile accident.
“On January 24,1984, plaintiff, William Salavantis, filed this claim against the defendant, Marianne K. McCue, alleging that ‘the Defendant owes me $200.00 + 8.75 costs for the following reasons: Due to auto accident Wed Jan 18/83 8:52 AM Main + Hadley overpass when you ran red light and caused damages to my car not covered by insurance. Vermont Reg AX 469 (My insurance ded $200-)’
“The defendant denied the claim and, after a hearing, the Court found each party to be 50% negligent. On April 9,1984, judgment entered for the plaintiff in the amount of $108.75.
*116 “At the time of this accident, Salavantis’ vehicle was insured by the intervenor, CNA Insurance Company, under a policy covering this loss. CNA had the damage appraised and paid $3,042.00 for the repairs to Salavantis’ vehicle. This payment occurred after Salavantis had filed the small claims action, but, before the hearing. CNA was not aware of the action taken by Salavantis and made no particular inquiry to determine whether such a suit had been filed before making its payment under the policy.
“Thereafter, in pursuit of its subrogation rights, CNA brought a regular civil action against McCue and the alleged owner of the vehicle she was driving, Michael J. Gaudette of Vermont. This action was filed in the Northern Berkshire District Court (Docket No. 3319-84) in the name of CNA’s insured, William Salavantis, as plaintiff.
“McCue responded to the subrogation suit by filing a Motion to Dismiss on the grounds of res judicata. CNA replied by filing a Motion to Intervene and a Motion to Vacate Judgment in the small claims action. All three of these motions were heard together and the motions to dismiss and to intervene were allowed[2] and the motion to vacate judgment was denied.
CNA claiming to be aggrieved by the denial of its motion to vacate judgment, I hereby report the same to the appellate division for determination. This report contains all the evidence material to the question reported.”
Claiming to be aggrieved by the dismissal of the above draft report the appellant claimed the following report.
REPORT
“This is a small claims action of tort in which recovery is sought for property damage arising from an automobile accident.
“The background of this case is as set out in the attached draft report.
“The attached draft report was dismissed, after hearing, on October 22, 1984, on the ground that CNA Insurance Company is not a party to these proceedings as its Motion to Intervene was limited and restricted in this case to hear only the filed CNA motion to vacate judgment.
“CNA claiming to be aggrieved by the dismissal of its draft report, I hereby report the same to the appellate division for determination. This report contains all the evidence material to the question reported.”
The sole issue presented is whether or not the Trial Justice erred in dismissing the draft report. General Laws Chapter 218, section 23 states in the last paragraph -
“No party to a cause under the procedure shall be entitled to a report. If the Court is of the opinion that a question of law required review, it may submit the matter, in the form of a report of a case stated, to the Appellate Division.”
Unless the appellant raises the issue of abuse of discretion, which was not done here, it is apparent that the Trial Judge committed no error.
Further from the reading of both the draft report and the report there is serious question as to whether or not the appellant in this matter is a party at all.
We find no prejudicial error.
The Trial Judge’s dismissal of the appellant’s draft report was correct.
This report is dismissed.

 The Motion to Intervene was allowed “only for the purpose of arguing the Motion to Vacate Judgment.”